UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFREY WAITE, | ) | Case No.:_____ |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| -against- | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP, L.P. | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant, | ) | |

Plaintiff, JEFFREY WAITE, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorneys, alleges against the defendant, GC SERVICES LIMITED PARTNERSHIP (hereinafter "Defendants"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in the County of Beaver, Ambridge Township, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant is a company that is doing business in the State of Texas, with its corporate office mailing address located at 6330 Gulfton, Houston, TX 77081, and has acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. The alleged debt is subject to personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

7. On or about February 26, 2013 at 10:44 am, Plaintiff received a voice mail from an individual, "Ms. Nickels". The voice message did not disclose that "Ms. Nickels" was calling in an attempt to collect a debt and that any information obtained will be used for that purpose in violation of the FDCPA.

8. The individual, "Ms. Nickels" indicated for Plaintiff to call (866) 355-2356 as soon as possible. Upon information and belief this phone number is associated with Defendant.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d(6)

9. Plaintiff repeats the allegations against Defendants contained in paragraphs 1 through 8 and incorporates them as if the same were set forth at length herein.

10. The voice message left on or about February 26, 2013 at 10:44 am, failed to include meaningful disclosure of the caller's identity.

11. The individual, "Ms. Nickels", did not represent where she was calling from. Upon information and believe, Defendants operate as GC Services.

12. Improper disclosure of who the individual, "Ms. Nickels", represents is in violation of 15 U.S.C. § 1692d(6).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(11)

13. Plaintiff repeats the allegations against Defendants contained in paragraphs 1 through 12 and incorporates them as if the same were set forth at length herein.

14. The February 26, 2013 voice mail message failed to disclose that Defendant was a debt collector and any information obtained would be used for that purpose. Transcript of the voice message is annexed as **Exhibit A**.

15. The voice mail message failed to disclose that the communication is from a debt collector and that the debt collector is attempting to collect a debt and any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

## JURY TRIAL DEMAND

16. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring the Defendants' actions, as described above, are in violation of the FDCPA;

b) That judgment be entered against the Defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c) That judgment be entered against the Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

e) That the Court grants such other and further relief as may be just and proper.

Dated: February 25, 2014

RESPECTFULLY SUBMITTED,

By: _____
Seth Crosland
1225 Greenville Ave., Suite 700
Dallas, Texas 75243
Phone: 214-810-5401
Fax: 214-988-5794
Email: seth@wellscrosland.com